# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

UNITED STATES OF AMERICA,

                Plaintiff,          :        Case No. 2:20-cr-00110
                                                  Civil Case No. 2:23-cv-01586

                                                  Chief Judge Sarah D. Morrison
                                                  Magistrate Judge Michael R. Merz

CARL LAMONT GORDON, JR.,

                Defendant.        :

---

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This proceeding under 28 U.S.C. § 2255 is before the Court on Objections by both the United States (ECF No. 105) and the Defendant (ECF No. 106) to the Magistrate Judge's Report and Recommendations (ECF No. 103) after evidentiary hearing. Defendant has responded to the Government's Objections (ECF No. 107) and Chief Judge Morrison has recommitted the case for reconsideration in light of the Objections (ECF No. 108).

**Litigation History**

Defendant was indicted in this Court on July 14, 2020, on three counts of possession of a firearm by a convicted felon and one count of possessing in excess of twenty-eight grams of crack cocaine (Indictment, ECF No. 1). At the time of indictment, Defendant had a pending case in Athens County Common Pleas Court; attorney Samuel Shamansky represented him in both cases.

1

Shamansky negotiated a Plea Agreement in which Defendant agreed to plead guilty to Counts 1, 3, and 4 (ECF No. 14, PageID 29).  It acknowledged a possible penalty of five to sixty years (PageID 30).  *Inter alia,* the parties agreed "the Defendant committed the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." *Id.* at PageID 31.  Defendant was sentenced in October, 2021, to twelve years (144 months) imprisonment.  After Shamansky filed a Notice of Appeal, he was replaced by new counsel who then voluntarily dismissed the appeal.  Newly-retained counsel Dennis Belli filed the instant Motion to Vacate May 10, 2023, pleading three claims of ineffective assistance of trial counsel:

> **Ground One:** Failure to object to Gordon's classification as a career offender under the Sentencing Guidelines.
>
> **Ground Two:** Failure to request a reduction of Gordon's career offense base level for acceptance of responsibility and a government-requested downward departure.
>
> **Ground Three:** Failure to request an order that Gordon's federal sentence be served concurrently with his state sentence.

(Motion to Vacate, ECF No. 50, PageID 330-33).

Respecting the first claim of ineffective assistance, Attorney Shamansky admitted that it was deficient performance to admit in the Plea Agreement that Gordon's Fairfield County trafficking in marijuana conviction qualified Gordon as a career offender.  The Report concluded this satisfied the deficient performance prong of *Strickland v. Washington,* 466 U.S. 668 (1984).  As to whether Gordon had proved prejudice, the Magistrate Judge declined to speculate whether that affected the sentence, deferring to Chief Judge Morrison who remains the assigned District Judge in this case (Report, ECF No.103, PageID 856).

2

Respecting the second claim of ineffective assistance, the Answer asserts Chief Judge Morrison granted these two reductions, whether or not Attorney Shamansky asked for them. *Id.* at PageID 857. The Report concluded, therefore, that there was no proof on the prejudice prong of *Strickland* and recommended dismissal. *Id.*

Respecting the third claim of ineffective assistance for failure to request concurrent sentences, the Report found it was deficient performance to fail to request it, but noted the question of prejudice depended on Chief Judge Morrison's response to an inquiry from the Bureau of Prisons as to whether she intended the federal sentence to be concurrent with the state sentence. The Report requests the United States to file Judge Morrison's response to its letter of inquiry. *Id.* at PageID 860.

**Post-Report Filings**

**The Government's Objections**

**Ground One**

After reciting Gordon's criminal history at some length (ECF No. 105, PageID 874-77), the Government argues Gordon was properly classified as a career offender, arguing factual parallels to *Bullard v. United States,* 937 F. 3d 654 (6th Cir. 2019).

*Bullard* was an appeal from denial of relief under 28 U.S.C. § 2255. The defendant was found by the District Court to be a career offender because he had been convicted of an attempted sale of drugs. He claimed it was ineffective assistance of trial counsel to fail to object to that classification. The Court rejected his claim of trial court error in classifying him as a career offender because misclassification under the Sentencing Guidelines is not cognizable in a

3

collateral attack under § 2255. *Id.* at 657. Bullard took the common parallel track of asserting ineffective assistance of trial counsel. Analyzing this as a cognizable claim, the Sixth Circuit found it was reasonable for Bullard's trial attorney not to object. *Id.* at 662.

As is so often the case in ineffective assistance cases, the Sixth Circuit had to speculate about trial counsel's reason for not objecting. Here that is not the case. Attorney Shamansky confesses his error in not objecting to the career offender classification. Because it is so common in the undersigned's experience for trial counsel to attempt to cover their mistakes by inventing excuses or letting the appellate or habeas court invent excuses for them, the undersigned was and is loathe to refuse Attorney Shamansky's admission of deficient performance. *Bullard* does not suggest that we should do so.

It is entirely another matter when the Court reaches the prejudice prong of *Strickland.* While he may not have objected expressly to the career offender classification, Attorney Shamansky made no secret of his opinion of that the effect of applying that guideline to Defendant was overly harsh. His argument may have had some impact because the sentence actually imposed was far below the Guideline range which was applicable to a career offender. As *Bullard* emphasizes, the Guidelines are advisory and Judge Morrison was completely free to impose the sentence she did.

Because Judge Morrison did not state whether the career offender classification affected her sentence, the undersigned has not recommended a finding on the prejudice prong of *Strickland*. To do so would require speculation by the Magistrate Judge, where reserving that question for her determination in the first instance seems cleaner.

Accordingly, the Magistrate Judge adheres to his recommendation on Ground One:  the Court should find deficient performance based on Attorney Shamansky's admission and then decide in the first instance whether that deficient performance prejudiced Gordon.

### Ground Three

In his third claim of ineffective assistance of trial counsel, Gordon asserts Attorney Shamansky provided ineffective assistance of trial counsel when he did not argue that the judgment in this case should provide that the sentence run concurrently with the sentence in his Athens County case which was yet to be imposed.  The Report found Attorney Shamansky provided ineffective assistance when he did not make that request, but the question of prejudice would turn on Chief Judge Morrison's response to a request from the federal Bureau of Prisons about whether the federal sentence should be concurrent or consecutive.

The Government objects that it is not deficient performance to fail to make a request for concurrent sentences, citing

> *Jenkins v. United States*, 394 F.3d 407, 412 (6th Cir. 2005); *see United States v. Davenport*, No. 1:00-CR-19, 2018 U.S. Dist. LEXIS 112298, at *11 (E.D. Tenn. July 6, 2018) (finding that counsel was not ineffective for failing to ensure that federal sentence was served concurrently with future sentence in state case); *Montgomery v. Brunsman*, No. 3:09-CV-065, 2009 U.S. Dist. LEXIS 129283, at *13-14 (S.D. Ohio Feb. 20, 2009) (rejecting ineffective assistance of counsel claim based on defense attorney's failure to object to imposition of consecutive sentences) (Merz, MJ.); *Burton v. United States*, No. 3:08-478, 2009 U.S. Dist. LEXIS 57175, at *6 (M.D. Tenn. July 2, 2009) (concluding that defense counsel's failure to request concurrent federal and state sentences "was neither ineffective [n]or prejudicial")

(Objections, ECF No. 105, PageID 891).

5

In *Jenkins* the Sixth Circuit held imposition of consecutive sentences was necessary to impose the proper amount of punishment so that failure to request concurrent sentence was essentially immaterial.  *Davenport's* § 2255 motion was untimely filed.  In *Montgomery*, the undersigned recommended dismissal of a habeas petition on initial review under Rule 4 because there was no error to object to. In *Burton* the court relied on *Jenkins* to reject an ineffective assistance of trial counsel claim.  None of the cited authority is controlling precedent for the proposition that it cannot be ineffective assistance of trial counsel to fail to ask for concurrent sentences.

On the other hand, the Government's particularized claim directed at Attorney Shamansky's strategic choices in this case is persuasive.  As he testified at his deposition, the strategy was to obtain a judgment in the Athens County case that would run concurrently with the federal sentence.  He was successful in that effort in terms of the judgment obtained.  However it was not properly executed in that Gordon was not returned to federal custody until his state sentence was fully served.

Therefore as to the Third Ground for Relief, the Magistrate Judge withdraws his prior recommendation that deficient performance be found as to this claim.  Ground Three should be dismissed.  Defendant's Objection as to the prejudice prong on Ground Three (ECF No. 106) does not change this recommendation, since a defendant must prevail on both prongs of *Strickland* and a negative decision on one of them is sufficient.  *Strickland,* 466 U.S. at 697 (1984).

**Conclusion**

Having reconsidered the case in light of the Objections of both parties, the Magistrate Judge respectfully adheres to his prior recommendation that the Court find Attorney Shamansky

performed deficiently in not objecting to Defendant's classification as a career offender and that Chief Judge Morrison determine whether this deficiency was prejudicial, i.e., whether she would have imposed a lower sentence without that finding. The Magistrate Judge also recommends both Grounds Two and Three be dismissed.

April 20, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #